IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL HAYES,

    Plaintiff,

v.                                                                       No. 1:25-cv-00783-LF

KIMBERLY IBARRA,
AMANDA M. ROMERO, and
JAN TRUJILLO,

    Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S. § 1983, Doc. 1, filed August 15, 2025, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 15, 2025.

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $768.00; and (ii) Plaintiff's monthly expenses total $768.00.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because his monthly expenses equal his low monthly income.

**Order to Show Cause**

> Plaintiff alleges:
>
> CYFD and their agents + supervisors violated our fundamental parental rights, defamation of character, fabricating the truth twice, while special master Ms. Fooks ruled in the families [sic] favor.  Yet CYFD second attempt was intentional with no new facts or evidence.  Finding false witnesses who violate hippa law of a minor releasing information of a minor.  Anna Spicer supervisor, Dennis Garcia counselor for family workshop counseling center.
> . . . .
> Violation of privacy act, not protecting the child – false allegation/hippa [sic] law unconstitutional holding of a minor . . . working with DA in court causing him Troy Bray to violate a court order and Sequoyah refusal for MH to complete his treatment court order . . .
>
> Took away our parent rights and imprisoned child in a [sic] adult facility after taking him out of treatment.  Judicial misconduct using power to take parental rights . . . Case closed on adju[di]cation of abuse + neglect, not a stay on special master decis[i]on that matched no regurgitated Judge W. Parn[a]ll life's work according to his youtube video Sept 1, 2023, yet Parn[a]ll aloud [sic] the motion

Complaint at 2-4.  Plaintiff seeks the following relief:

> Injunctions ["monetary" crossed out] due to the DA false allegations of threats to him and that I followed him home. Using his power to intimidate me by barring me from court rooms 5100 and 400 with escort of Deputy Sheriff. I still will not get a fair trial when they are above or create laws ignoring fundamental parenting rights.

Complaint at 5. Plaintiff does not describe the injunctive relief he seeks.

The Court has identified several deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023-WL-4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, it appears that the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine due to the state court proceeding in which Plaintiff alleges the court took his parental rights. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

3

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted). *Younger*, however, only applies in three "exceptional" categories of state proceedings: "when the state proceedings are (1) criminal prosecutions; (2) certain civil enforcement proceedings; or (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *3 (10th Cir. May 19, 2025) (citation modified). "If and only if the state court proceeding falls within one of these enumerated exceptional types of cases . . . *may* courts analyze the propriety of abstention under *Younger*." *Id.* (citation modified).

> The *Rooker-Feldman* doctrine, on the other hand:
>
> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). *Rooker-Feldman* applies "only to suits filed after state proceedings are final." *Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *2 (10th Cir. May 19, 2025) (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006)).

Second, the Complaint should be dismissed for failure to state a claim upon which relief can be granted because it does not clearly explain what *each* Defendant did to Plaintiff. "[T]o

4

state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added); *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law").  Conclusory allegations such as "Defendants violated our parental rights" are not sufficient to state a plausible claim.

> A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).  The Complaint makes vague allegations that Defendants were "fabricating the truth" and "finding false witnesses" but does not describe how each Defendant violated Plaintiff's parental rights.  *See FJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1197 (10th Cir. 2010) ("the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children") (quoting *Troxel v. Granville,* 530 U.S. 57, 66 (2000)). Nor does the Complaint allege the absence of circumstances warranting Defendants' actions

5

regarding the child's welfare. *See FJ ex rel. Jensen v. Wagner*, 603 F.3d at 1197-98 ("parental rights . . . are not absolute . . . states have a compelling interest in and a solemn duty to protect the lives and health of the children within their borders . . . when a child's life or health is endangered by her parents' decisions, in some circumstances a state may intervene without violating the parents' constitutional rights"). Plaintiff attached an Affidavit by Defendant Ibarra for an *ex parte* custody order which indicates Plaintiff is the uncle and guardian of the child. Plaintiff has not attached a copy of a court order granting Plaintiff guardianship of the child. Nor has Plaintiff described his rights and duties under the guardianship.

      Third, it appears Plaintiff may be asserting claims on behalf of the minor child based on the alleged failure to protect the child, releasing the child's information in violation of the Health Insurance Portability and Accountability Act ("HIPAA"), and the unconstitutional holding of the child. Plaintiff, who is proceeding *pro se* and is not an attorney authorized to practice in this Court, may not assert claims on behalf of the minor child. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")). Furthermore, the Complaint fails to state a claim for violation of HIPAA. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1257 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above.  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.  The amended complaint must contain allegations describing what each Defendant did to Plaintiff, when and where each Defendant did it and identify the specific legal right Plaintiff believes each Defendant violated.  The amended complaint must clearly describe the relief Plaintiff seeks.  The amended complaint must also identify all court cases giving rise to this case.  Plaintiff must include the name of each court, the case numbers, a copy of the complaint in each case and a statement regarding the disposition of each case.  Plaintiff must also file a copy of a court order granting Plaintiff guardianship of the child and must describe his rights and duties under the guardianship.  Plaintiff may file the complaints and guardianship order restricted to case participants which denies the public access to those documents.  The amended complaint must comply with the Federal and Local Rules of Civil Procedure.  *See, for example*, Fed. R. Civ. P. 5.2 (papers filed with the Court may only include "the year of the individual's birth" and "the minor's initials;" "the redaction requirement does not apply to . . . the record of an administrative or agency proceeding" or "the official record of a state-court proceeding"). Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 15, 2025, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge