# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL HAYES,

       Plaintiff,

vs.                                          No. CIV 25-0783 JB/LF

KIMBERLY IBARRA,
AMANDA M. ROMERO, and
JAN TRUJILLO,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed August 15, 2025 (Doc. 1)("Complaint").  Plaintiff Michael Hayes appears <u>pro se</u>.  For the reasons set out below, the Court: (i) dismisses Hayes' claims without prejudice; (ii) dismisses the Complaint; and (iii) dismisses this case.

## <u>PROCEDURAL BACKGROUND</u>

Hayes alleges:

> CYFD and their agents + supervisors violated our fundamental parental rights, defamation of character, fabricating the truth twice, while special master Ms. Fooks ruled in the families [sic] favor.  Yet CYFD second attempt was intentional with no new facts or evidence.  Finding false witnesses who violate hippa law of a minor releasing information of a minor.  Anna Spicer supervisor, Dennis Garcia counselor for family workshop counseling center.

> . . . .

> Violation of privacy act, not protecting the child -- false allegation/hippa [sic] law unconstitutional holding of a minor . . . working with DA in court causing him Troy Bray to violate a court order and Sequoyah refusal for MH to complete his treatment court order . . . .

> Took away our parent rights and imprisoned child in a [sic] adult facility after taking him out of treatment.  Judicial misconduct using power to take parental

rights . . . Case closed on adju[di]cation of abuse + neglect, not a stay on special master decis[i]on that matched no re[g]urgitated Judge W. Parn[a]ll life's work according to his youtube video Sept 1, 2023, yet Parn[a]ll aloud [sic] the motion

Complaint ¶¶ 2-4, at 2-4.  Hayes seeks the following relief:

> Injunctions, ["monetary" crossed out] due to the DA false allegations of threats to him and that I followed him home.  Using his power to intimidate me by barring me from court rooms 5100 and 400 with escort of Deputy Sheriff.  I still will not get a fair trial when they are above or create laws ignoring fundamental parenting rights.

Complaint ¶ 1, at 5.  Hayes does not describe the injunctive relief he seeks.

The Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, notifies Hayes of the following deficiencies in the Complaint:

> First, it appears that the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine due to the state court proceeding in which Plaintiff alleges the court took his parental rights. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004)("*Younger* abstention is jurisdictional")(citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

>> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

> *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted). *Younger*, however, only applies in three "exceptional" categories of state proceedings: "when the state proceedings are (1) criminal prosecutions; (2) certain civil enforcement proceedings; or (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *3 (10th Cir. May 19, 2025)(citation modified). "If and only if the

state court proceeding falls within one of these enumerated exceptional types of cases . . . *may* courts analyze the propriety of abstention under *Younger*." *Id.* (citation modified).

The *Rooker-Feldman* doctrine, on the other hand:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). *Rooker-Feldman* applies "only to suits filed after state proceedings are final." *Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *2 (10th Cir. May 19, 2025)*(*quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006)).

Second, the Complaint should be dismissed for failure to state a claim upon which relief can be granted because it does not clearly explain what *each* Defendant did to Plaintiff. "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)(emphasis added); *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"). Conclusory allegations such as "Defendants violated our parental rights" are not sufficient to state a plausible claim.

> A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and

naked assertions will not suffice. *Id.* An allegation is conclusory
where it states an inference without stating underlying facts or is
devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed.
App'x 763, 770 (10th Cir. 2016)(unpublished)(citing Black's Law
Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled
to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d
1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory
statements and look to the remaining factual allegations to see
whether Plaintiffs have stated a plausible claim. *Waller v. City &
Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). The
Complaint makes vague allegations that Defendants were "fabricating the truth" and
"finding false witnesses" but does not describe how each Defendant violated
Plaintiff's parental rights. *See FJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1197
(10th Cir. 2010)("the Due Process Clause of the Fourteenth Amendment protects the
fundamental right of parents to make decisions concerning the care, custody, and
control of their children")(quoting *Troxel v. Granville,* 530 U.S. 57, 66 (2000)). Nor
does the Complaint allege the absence of circumstances warranting Defendants'
actions regarding the child's welfare. *See FJ ex rel. Jensen v. Wagner*, 603 F.3d at
1197-98 ("parental rights . . . are not absolute . . . states have a compelling interest
in and a solemn duty to protect the lives and health of the children within their
borders . . . when a child's life or health is endangered by her parents' decisions, in
some circumstances a state may intervene without violating the parents'
constitutional rights"). Plaintiff attached an Affidavit by Defendant Ibarra for an *ex
parte* custody order which indicates Plaintiff is the uncle and guardian of the child.
Plaintiff has not attached a copy of a court order granting Plaintiff guardianship of
the child. Nor has Plaintiff described his rights and duties under the guardianship.

Third, it appears Plaintiff may be asserting claims on behalf of the minor child
based on the alleged failure to protect the child, releasing the child's information in
violation of the Health Insurance Portability and Accountability Act ("HIPAA"), and
the unconstitutional holding of the child. Plaintiff, who is proceeding *pro se* and is
not an attorney authorized to practice in this Court, may not assert claims on behalf
of the minor child. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321
(10th Cir. 2000)("A litigant may bring his own claims to federal court without
counsel, but not the claims of others"); *Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1
(10th Cir. 2005)(stating "as a non-lawyer parent, appearing pro se, [plaintiff] may
not represent his minor children in federal court")(citing *Meeker v. Kercher*, 782 F.2d
153, 154 (10th Cir. 1986)(holding that a minor child cannot bring suit through a
parent acting as next friend if the parent is not represented by an attorney")).
Furthermore, the Complaint fails to state a claim for violation of HIPAA. *See
Wilkerson v. Shinseki*, 606 F.3d 1256, 1257 n.4 (10th Cir. 2010)("Any HIPAA claim
fails as HIPAA does not create a private right of action for alleged disclosures of
confidential medical information").

Order Granting Application to Proceed *In Forma Pauperis* and Order to Show Cause at 3-6, filed August 20, 2025 (Doc. 5)("Order").  Magistrate Judge Fashing orders Hayes to show cause why the Court should not dismiss this case and to file an amended complaint, and notifies Hayes that failure timely to show cause and file an amended complaint may result in this case's dismissal. See Order at 9.  Hayes has not filed an amended complaint, by the September 10, 2025, deadline, or otherwise.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("Hall").  The United States Court of Appeals for the Tenth Circuit states:

> [I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Hall, 935 F.2d at 1110.  The court, however, will not "assume the role of advocate for the pro se litigant."  Hall, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly").  A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Fed. R. Civ. P. 12(b)(6).  While dismissal under rule 12(b)(6) generally follows

- 5 -

a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is ""'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Curley v. Perry, 246 F.3d 1278, 1282 (2001)(quoting Hall, 935 F.3d at 1110).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss.");  Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)("Iqbal")(citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (quoting 5 Charles Wright & Arthur R.

Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if

assumed to be true, state a claim to relief that is plausible on its face.  See Twombly, 550 U.S. at

570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when

the pleaded factual content allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

"Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in

support of the pleaded claims is insufficient; the complainant must give the court reason to believe

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge

at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original).  The

Tenth Circuit states:

> "[P]lausibility" in this context must refer to the scope of the allegations in a
> complaint: if they are so general that they encompass a wide swath of conduct,
> much of it innocent, then the plaintiffs "have not nudged their claims across the line
> from conceivable to plausible."  The allegations must be enough that, if assumed to
> be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)("Robbins")(quoting Twombly, 550

U.S. at 570).

Although affirmative defenses usually must be pled in the defendant's answer, and not

argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions.  First, a defendant

can argue an affirmative defense in a motion to dismiss where the defendant asserts an immunity

defense -- the courts handle these cases differently than other motions to dismiss.  See Robbins,

519 F.3d at 1247; see Glover v. Gartner, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M.

2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)).  Second, the defendant can

raise the defense on a motion to dismiss where the facts establishing the affirmative defense are

apparent on the complaint's face.  See <u>Miller v. Shell Oil Co.</u>, 345 F.2d 891, 893 (10th Cir. 1965)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim.  If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").  The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish.  See 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure: Civil</u> § 1277, at 643 (3d ed. 2004).  If the complaint sets forth dates that appear to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6).  See <u>Rohner v. Union P. R. Co.</u>, 225 F.2d 272, 273-75 (10th Cir. 1955); <u>Gossard v. Gossard</u>, 149 F.2d 111, 113 (10th Cir. 1945); <u>Andrew v. Schlumberger Tech. Co.</u>, 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute.  The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion.  <u>Cf.</u> <u>Kincheloe v. Farmer</u>, 214 F.2d 604 (7th Cir. 1954)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense).  It appears that, from case law in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates.  See <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 465-66 (4th Cir. 2007); <u>Hollander v. Brown</u>, 457 F.3d 688, 691 n.1 (7th Cir. 2006).  Although the Tenth Circuit has not addressed squarely this practice, the Court has permitted this practice.  See <u>Anderson Living Trust v. WPX Energy Prod., LLC</u>, 27 F. Supp. 3d 1188 (D.N.M. 2014)(Browning, J.).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . .

42 U.S.C. § 1983.  Section 1983 creates only the right of action, and it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute.  See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (quoting Ellis v. Univ. of Kansas Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998)(brackets in Nelson v. Geringer, but not in Ellis v. Univ. of Kansas Med. Ctr.)).  Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights.  To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  The Court notes:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F.Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 556 U.S. at 676.  Consequently, there is no respondeat superior liability under § 1983.  See Iqbal, 556

- 9 -

U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens*[1] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limits, but does not eliminate, supervisory liability for government officials based on an employee's or subordinate's Constitutional violations. See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)("Dodds")). The language that may alter the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court holds that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting under the color of federal authority violates the plaintiff's Constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

> case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199 (quoting 42 U.S.C. § 1983). The Tenth Circuit notes, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds, 614 F.3d at 1200. It concludes that Ashcroft v. Iqbal does not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds, 614 F.3d at 1200. More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)("Rizzo")).

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, where the plaintiff seeks to hold a mayor, a police commissioner, and other city officials liable under § 1983 for Constitutional violations that unnamed individual police officers commit. See Dodds, 614 F.3d at 1200 (referencing Rizzo, 423 U.S. at 371). The Tenth Circuit notes that the Supreme Court in that case finds a sufficient link between the police misconduct and the city officials' conduct, because there is a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'" Dodds, 614 F.3d at 1200 (quoting Rizzo, 423 U.S. at 371).

## LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS ("IFP")

The statute for proceedings in IFP, 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an

affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 Fed. App'x. 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).[2]  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 Fed. App'x. 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)).  "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'"  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339.  While the district court should not deny a person the opportunity

_____

2 Menefee v. Werholtz is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The United States Court of Appeals for the Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Menefee v. Werholtz, 368 Fed. App'x. 879 (10th Cir. 2010), Scherer v. Kansas, 263 Fed. App'x. 667 (10th Cir. 2008), and Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977 (10th Cir. 2002) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

to proceed under 28 U.S.C. § 1915(a) because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeds his monthly expenses by a few hundred dollars according to his own accounting has sufficient income to pay filing fees, and, thus, is not entitled to IFP status).[3]

The district court may grant a motion to proceed IFP even if the complaint does not state a claim and the court thereby must dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail

---

3 At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeds his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall, 935 F.2d at 1109 (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  In reviewing the complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## ANALYSIS

Having carefully reviewed the Complaint, and the relevant law, the Court: (i) dismisses Hayes' claims without prejudice; (ii) dismisses the Complaint; and (iii) dismisses this action.  The Complaint does not show that the Court has jurisdiction over Hayes' claims, because there are no factual allegations showing that the Younger abstention doctrine, announced by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971)("Younger"), and/or the Rooker-Feldman doctrine, announced by the Supreme Court in Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923)("Rooker-Feldman"), do not apply to this case.  See Velasquez v. Utah, 775 F. App'x 420, 422 (10th Cir. 2019)("Where the relief requested would necessarily undo the state court's judgment, Rooker-Feldman deprives the district court of jurisdiction."); D.L. v. Unified School Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004)("Younger abstention is jurisdictional"); Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999)(stating that the Younger abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court.").  The Complaint does not state plausible claims, because it does not explain clearly what each Defendant did to Hayes.  See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Complaint does not state claims on the minor child's behalf based on the alleged failure to protect the child, releasing the child's information in violation of HIPAA, and the

- 14 -

unconstitutional holding of the child, because Hayes, who is proceeding <u>pro se</u> and is not an attorney authorized to practice in this Court, may not assert claims on the minor child's behalf. <u>See</u> <u>Wilkerson v. Shinseki</u>, 606 F.3d 1256, 1257 n.4 (10th Cir. 2010)("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."); <u>Fymbo v. State Farm Fire & Cas. Co.</u>, 213 F.3d 1320, 1321 (10th Cir. 2000)("A litigant may bring his own claims to federal court without counsel, but not the claims of others'"); <u>Kanth v. Lubeck</u>, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005)("[A]s a non-lawyer parent, appearing pro se, [the plaintiff] may not represent his minor children in federal court.")(citing <u>Meeker v. Kercher</u>, 782 F.2d 153, 154 (10th Cir. 1986)(holding that "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")).

Magistrate Judge Fashing, after notifying Hayes that the Complaint fails to establish the Court's jurisdiction and fails to state claims upon which the Court can grant relief, orders Hayes to show cause why the Court should not dismiss this case and to file an amended complaint. <u>See</u> Order at 9. The deadline to show cause or amend is September 10, 2025. <u>See</u> Order at 9. Hayes has not shown cause or filed an amended complaint. The Court, therefore, dismisses: (i) Hayes' claims without prejudice; (ii) the Complaint; and (iii) this action.

**IT IS ORDERED** that: (i) the Plaintiff's claims are dismissed without prejudice; (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed August 15, 2025 (Doc. 1), is dismissed; and (iii) this action is dismissed.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Michael Hayes
Moriarty, New Mexico

 *Plaintiff pro se*